UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SAMMART FASHION CO. LTD.,

                        Plaintiff,

                        07 CV 4035 (DAB)

                - against -

WEAR ME APPAREL CORP. d/b/a KIDS
HEADQUARTERS and HEYMAN
CORPORATION,

                      Defendants.

------------------------------------------------------------x

**DEFENDANT WEAR ME APPAREL'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

## Table of Conents

Page

Preliminary Statement .................................................................................................................1

Statement of Facts .......................................................................................................................2

Argument ....................................................................................................................................3

THERE IS NO BASIS IN LAW OR FACT TO FOIST HEYMAN'S CONTRACTUAL
LIABILITIES ONTO WEAR ME ..............................................................................................3

    A.    Sammart Has Not Alleged a Contract with Wear Me .............................................4

    B.    Sammart Cannot Establish a Basis for Successor Liability Against Wear Me .......4

        1.    Wear Me Did Not Formally Assume Heyman's Debt to Sammart.............5

        2.    The Asset Purchase Was Not Undertaken to Defraud Creditors.................6

        3.    Wear Me and Heyman Did Not *De Facto* Merge .......................................7

        4.    Wear Me is Not a Continuation of Heyman ...............................................8

Conclusion ..................................................................................................................................9

Table of Authorities

Page

Cases

*Cargo Partner AG v. Albatrans, Inc.*,
    352 F.3d 41 (2d Cir. 2003) .................................................................................. 1, 4-5, 6, 7

*Carroll v. LeBoeuf, Lamb, Green & MacRae, L.L.P.*,
    392 F. Supp. 2d 621 (S.D.N.Y. 2005) ......................................................................... 7

*Fitzgerald v. Citigroup, Inc.*,
    No. 03 Civ. 4305 (DAB), 2007 WL 582965 (S.D.N.Y. Feb. 23, 2007) .................. 2n.1

*Green v. Firestone Tire & Rubber Co., Inc.*,
    122 Ill. App. 3d 204, 460 N.E.2d 895 (Ill. App. 1984) ........................................... 8n.5

*Lumbard v. Maglia*,
    625 F. Supp. 1529 (S.D.N.Y. 1985) ............................................................................ 8

*Manh Hung Nguyen v. Johnson Machine & Press Corp.*,
    104 Ill. App. 3d 1141, 433 N.E.2d 1104 (Ill. App. 1982) ....................................... 7n.4

*Peralta v. WHM Tool Group, Inc.*
    No. CV 04 3826, 2005 WL 2002454 (E.D.N.Y. Aug. 19, 2005) ................................ 8

*Randolph Equities, LLC v. Carbon Capital, Inc.*,
    No. 05 Civ. 10889 (PAC), 2007 WL 914234 (S.D.N.Y. Mar. 26, 2007) ..................... 4

*Vernon v. Schuster*,
    179 Ill. 2d 338, 688 N.E.2d 1172 (Ill. 1997) ................................................... 5n.2, 5n.3

*Walsh v. Maryland Bank, N.A.*,
    No. 91 Civ. 7483 (CSH), 1994 WL 132234 (S.D.N.Y. Apr. 14, 1994) ....................... 4

**STATUTES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

Preliminary Statement

Defendant Wear Me Apparel LLC d/b/a Kids Headquarters (as successor by merger to Wear Me Apparel Corp. d/b/a Kids Headquarters) respectfully submits this memorandum of law and the accompanying declaration of Jeremy A. Cohen in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint of plaintiff Sammart Fashion Co. Ltd. (Cohen decl., Exh. A).

In this action, Sammart seeks to foist liability on Wear Me for an alleged outstanding debt owed to Sammart by defendant Heyman Corporation. Because Sammart has alleged no factual basis and articulated no legal theory to saddle Wear Me with Heyman's obligations – and no such basis exists in fact or law, in any event – plaintiff's claims against Wear Me should be dismissed with prejudice.

Sammart has alleged that by virtue of an asset purchase transaction whereby Wear Me purchased certain of Heyman's assets and assumed only certain of its liabilities, Wear Me has become obligated to satisfy Heyman's outstanding obligations, including the $257,947.63 that Sammart seeks in this action. However, under controlling authority, including *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41 (2d Cir. 2003), in which the Court of Appeals affirmed this Court's dismissal of claims similar to Sammart's, the law is clear that when a corporation purchases the assets of another, it does not assume the seller's obligations unless there is an express agreement to do so or when the result of the asset purchase is a *de facto* merger of the purchaser and seller. Because Wear Me did not expressly assume Heyman's $257,947.63 liability to Sammart, and because there is no allegation that Wear Me and Heyman *de facto* merged, Sammart's claims against Wear Me should be dismissed.

Statement of Facts[1]

In April 2006, Wear Me acquired certain assets and liabilities of Heyman pursuant to an Asset Purchase Agreement between Wear Me and Heyman. (Cohen decl. Exh. B). Section 2.2(a) of the Asset Purchase Agreement provided for Wear Me's assumption of only certain of Heyman's liabilities, stating that Wear Me "shall assume and pay, perform and discharge when due, *the Assumed Liabilities, and no others*." (Cohen decl. Exh. B at § 2.2) (emphasis added).

The Asset Purchase Agreement defined "Assumed Liabilities" as: "(a) the Assumed Payables, (b) the Assumed Contract Liabilities, (c) the Transaction Costs and (d) the Letter of Credit Liabilities." (Cohen decl. Exh. B at Art. I). The agreement in turn defined "Assumed Payables" as Heyman's "accounts payable and other current liabilities incurred in the ordinary course of business as of the Closing Date, provided that such accounts payable and other current liabilities: (a) would be recorded as such on a balance sheet of the Seller as of the Closing Date prepared in accordance with GAAP; and (b) are listed on Schedule A hereto." (*Id.*).

Schedule A to the Asset Purchase Agreement identified Heyman's accounts payable that Wear Me agreed to assume. (Cohen decl. Exh. C). Included on Schedule A was a listing for accounts payable to Sammart, but only in the amount of $7,124.20.

The Asset Purchase Agreement defined "Assumed Contract Liabilities" to mean "the obligations and liabilities of Seller under or related to Continuing Licenses and other

---

[1] Solely for purposes of this motion to dismiss, Wear Me draws its statement of facts from Sammart's complaint, documents referenced therein including the Asset Purchase Agreement between Wear Me and Heyman, matters of which the Court may take judicial notice, and documents in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. *See, e.g.*, *Fitzgerald v. Citigroup, Inc.*, No. 03 Civ. 4305 (DAB), 2007 WL 582965 (S.D.N.Y. Feb. 23, 2007).

Assigned Contracts that accrue from and after the Closing Date (it being understood that, as between the Purchaser and the Seller, the Purchaser is not assuming any liability under any Continuing License or other Assigned Contract that accrued prior to the Closing Date, notwithstanding any provision in any Assignment and Assumption Agreement to the contrary)." (*Id.*).

Thus, Wear Me agreed to assume only those accounts payable expressly recited on Schedule A to the Asset Purchase Agreement and only those contractual liabilities accruing from and after the closing of the Asset Purchase Agreement. The Asset Purchase Agreement provided that except for those Assumed Liabilities, neither Wear Me nor any of its affiliates assumed or would be deemed to have assumed any liabilities or obligations of Heyman, "all of which shall remain the sole and exclusive responsibilities of [Heyman]." (Cohen decl. Exh. B at § 2.2(b)).

Accordingly, Wear Me assumed only $7,124.20 of Heyman's obligations to Sammart. Any amounts due to Sammart from Heyman in excess of the $7,124.20 assumed by Wear Me, including the $257,947.63 that is the subject of the complaint, "remain the sole and exclusive responsibilit[y] of [Heyman]." (Cohen decl. Exh. B at § 2.2(b)).

### Argument

### THERE IS NO BASIS IN LAW OR FACT TO FOIST HEYMAN'S CONTRACTUAL LIABILITIES ONTO WEAR ME

In its attempt to recover a debt allegedly owing by Heyman, Sammart casts its net wider than the law allows by seeking to impose liability for the alleged debt on Wear Me. Under controlling authority, including *Cargo Partner*, the complaint should be dismissed because there is no basis to charge Wear Me with Heyman's alleged debts.

A.  Sammart Has Not Alleged a Contract with Wear Me

Plaintiff's first claim appears to seek recovery under a breach of contract theory. However, beyond vague allusions to unspecified "promises," Sammart has not alleged the existence or terms of any contract between Sammart and Wear Me that reflect either (i) a direct, independent agreement between Sammart and Wear Me for Sammart to provide goods and services to Wear Me in exchange for $257,947.63 or (ii) Wear Me's obligation to pay $257,947.63 for services rendered to Heyman by Sammart. In fact, Exhibit A to the complaint, which purports to be a statement of "goods sold and delivered and/or services rendered by the plaintiff to the defendants" does not mention Wear Me and identifies only items sold or services rendered to Heyman. (Compl. ¶ 1 and Exh. A). Absent any contract between Sammart and Wear Me, Sammart cannot recover from Wear Me for breach of contract and this claim should be dismissed. *See, e.g., Walsh v. Maryland Bank, N.A.*, No. 91 Civ. 7483 (CSH), 1994 WL 132234, at *2 (S.D.N.Y. Apr. 14, 1994) ("It is a basic premise of the law of contracts that a contract between two parties must exist before one of the parties can be held liable for breach thereof"); *Randolph Equities, LLC v. Carbon Capital, Inc.*, No. 05 Civ. 10889 (PAC), 2007 WL 914234, at *4 (S.D.N.Y. Mar. 26, 2007) (dismissing breach of contract claim where "Plaintiffs have not alleged facts sufficient to show that [defendant] entered into an agreement with Plaintiffs").

B.  Sammart Cannot Establish a Basis for Successor Liability Against Wear Me

In the absence of a contract obligating Wear Me to pay Sammart for Heyman's debts, Sammart is left to contend in its second claim for relief that by virtue of Heyman's sale of assets to Wear Me, Wear Me became obligated to Sammart for amounts allegedly owed to Sammart by Heyman. However, as the Court of Appeals held in *Cargo Partner*, "the purchaser

-4-

of a corporation's assets does not, as a result of the purchase, ordinarily become liable for the seller's debts." *Cargo Partner*, 352 F.3d at 45.[2]

The *Cargo Partner* Court explained the rationale behind the rule:

> The amount paid for the assets would ordinarily be available to satisfy those debts, at least in part. So long as the buyer pays a bona fide, arms-length price for the assets, there is no unfairness to creditors in thus limiting recovery to the proceeds of the sale – cash or other consideration roughly equal to the value of the purchased assets would take the place of the purchased assets as a resource for satisfying the seller's debts.

*Id.*

New York law recognizes only four narrow exceptions to the rule that a purchaser of assets does not assume the seller's debts: (i) when the buyer formally assumes the seller's debts; (ii) when the transaction is undertaken to defraud creditors; (iii) when they buyer *de facto* merges with the seller; and (iv) when the buyer is a mere continuation of the seller. *See id.* Sammart has not alleged facts that would bring its claims within any of these recognized exceptions.[3]

1. <u>Wear Me Did Not Formally Assume Heyman's Debt to Sammart</u>

Sammart alleges that "there was an asset sale by and between defendant Hayman [sic] Corporation and Wear Me Apparel Corp., wherein Wear Me Apparel Corp. purchased

---

[2] New York law governs Sammart's claims against Wear Me because they depend on Wear Me's transaction with Heyman, which was executed in New York by Wear Me. In addition, the Asset Purchase Agreement includes a New York choice of law provision. (*See* Cohen decl. Exh. B at § 8.9). The only other possible jurisdiction whose law might apply is Illinois, where Heyman is located. However, Illinois and New York are in accord with regard to the laws governing this motion. *See, e.g., Vernon v. Schuster*, 179 Ill. 2d 338, 344-45, 688 N.E.2d 1172, 1175 (Ill. 1997) ("The well-settled general rule is that a corporation that purchases the assets of another corporation is not liable for the debts or liabilities of the transferor corporation").

[3] Illinois recognizes only these same narrow exceptions. *See Vernon*, 179 I.. 2d at 345, 688 N.E. 2d at 1175.

assets and assumed certain liabilities, including the debt which is the subject of this litigation." (Compl. at 3). However, the very contract referenced in the complaint that purportedly gives rise to Wear Me's obligation to satisfy Heyman's debts conclusively demonstrates that Wear Me did *not* assume Heyman's obligation to pay $257,947.63 to Sammart. Wear Me assumed only the expressly identified "Assumed Liabilities" of Heyman under the Asset Purchase Agreement. (Cohen decl. Exh. B at § 2.2(a)). These liabilities, identified on Schedule A to the Asset Purchase Agreement, did not include Heyman's alleged $257,947.63 obligation to Sammart. (Cohen decl. Exh. C). All of Heyman's other liabilities were deemed "Excluded Liabilities" and remained the sole responsibility of Heyman. (Cohen decl. Exh. B at § 2.2(b)).

Because Wear Me did not formally assume Heyman's debt to Sammart, this exception to the rule that an asset purchaser does not assume the debts of the seller does not apply.

### 2. The Asset Purchase Was Not Undertaken to Defraud Creditors

The complaint contains no allegations that could be read to assert that the Asset Purchase Agreement was entered into to defraud creditors, nor could it credibly make such assertions. The Asset Purchase Agreement was an arm's length transaction by which Wear Me conferred substantial consideration on Heyman. (Cohen decl. Exh. B at §2.3). The cash consideration paid to Heyman was available to satisfy Heyman's outstanding obligations. Thus, Sammart has not pled, and is not capable of pleading, that the Asset Purchase Agreement was entered into to defraud creditors, making this exception inapplicable. *See Cargo Partner*, 352 F.3d at 45 ("So long as the buyer pays a bona fide, arms-length price for the assets, there is no unfairness to creditors in thus limiting recovery to the proceeds of the sale – cash or consideration roughly equal to the value of the purchased assets would take the place of the purchased assets as a resource for satisfying the seller's debts").

### 3. Wear Me and Heyman Did Not *De Facto* Merge

Under New York law, a "de facto merger occurs when a transaction, although not in form a merger, is in substance a consolidation or merger of seller and purchaser." *Id.* (quotations omitted). The Court of Appeals has held that to find a *de facto* merger, there must be: "[1] a continuity of the selling corporation, evidenced by the same management, personnel, assets and physical location; [2] a continuity of stockholders, accomplished by paying for the acquired corporation with shares of stock; [3] a dissolution of the selling corporation; and [4] the assumption of liabilities by the purchaser." *Id.* at 46 (quoting *Arnold Graphics Indus. v. Independent Agent Ctr., Inc.*, 775 F.2d 38, 42 (2d Cir. 1985)).[4]

Sammart has not alleged facts establishing any one of these hallmarks of a *de facto* merger. Nor could it in good faith. Wear Me has not maintained the same management, personnel or physical location of Heyman. Wear Me did not pay for Heyman's assets with shares of stock; rather, it paid a substantial sum for those assets (*see* Cohen decl. Exh. B at § 2.3). And, Wear We did not assume Heyman's liabilities, other than a limited number of liabilities expressly identified in the Asset Purchase Agreement (which did not include the alleged $257,947.63 obligation to Sammart). Thus, no *de facto* merger occurred, and Sammart has not alleged that one has. *See Cargo Partner*, 352 F.3d at 46. *See also Carroll v. LeBoeuf, Lamb, Green & MacRae, L.L.P.*, 392 F. Supp. 2d 621, 627 (S.D.N.Y. 2005) (dismissing *de facto*

---

[4] Illinois law is in accord. *See, e.g., Manh Hung Nguyen v. Johnson Machine & Press Corp.*, 104 Ill. App. 3d 1141, 1143, 433 N.E.2d 1104, 1106-07 (Ill. App. 1982) ("A de facto merger may occur when the following are present: (1) there is a continuity of the business enterprise between seller and buyer, including continuity of management, employees, location, and assets; (2) there is a continuity of shareholders, in that shareholders of the seller become shareholders of the buyer; (3) the seller ceases operations and dissolves as soon as possible after the transaction; and (4) the buyer assumes those liabilities and obligations necessary for the uninterrupted continuation of the seller's business").

merger claim absent allegations of continuity of ownership, buyer's assumption of liabilities and continuity of management, personnel and physical location).

### 4. Wear Me is Not a Continuation of Heyman

The final exception to the general rule that an asset purchaser does not assume the debts of the seller is the "mere continuation" exception. However, this exception is generally analyzed together with the *de facto* merger exception "because they overlap to such an extent that no criteria can be identified that distinguish them in any useful manner." *Peralta v. WHM Tool Group, Inc.* No. CV 04 3826, 2005 WL 2002454, at *3 (E.D.N.Y. Aug. 19, 2005) (citing *Lumbard v. Maglia*, 625 F. Supp. 1529, 1535 (S.D.N.Y. 1985)). Thus, for the same reasons that Sammart has not established a *de facto* merger, Sammart has not established – and cannot establish – that Wear Me is a continuation of Heyman.[5]

As a final point, it is worthy of emphasis that Sammart has a viable remedy with respect to its claims. Sammart can pursue the party with whom it did contract, Heyman, for recovery of the alleged debt owed by Heyman.

---

[5] In Illinois, the rule is the same. See *Green v. Firestone Tire & Rubber Co., Inc.*, 122 Ill. App. 3d 204, 210, 460 N.E.2d 895, 899 (Ill. App. 1984) (the merger exception and mere continuation exception "are inseparable").

KL3 2602843.3

## Conclusion

For these reasons, the Court should dismiss Sammart's claims against Wear Me with prejudice.

Dated: New York, New York  
July 31, 2007

Respectfully submitted,

Kramer Levin Naftalis & Frankel LLP

By: /s/ Jeremy A. Cohen
    Jonathan M. Wagner (JW-7197)
    Jeremy A. Cohen (JC-6602)

1177 Avenue of the Americas  
New York, New York 10036  
(212) 715-9100

Attorneys for Defendant Wear Me Apparel Corp. d/b/a Kids Headquarters

KL3 2602843.3