UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
SAMMART FASHION CO. LTD.,

                       Plaintiff,      :    07 CV 4035 (DAB)

           - against -

WEAR ME APPAREL CORP. d/b/a KIDS
HEADQUARTERS and HEYMAN
CORPORATION,

                      Defendants.
---------------------------------------------------------- x

## DEFENDANT WEAR ME APPAREL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

## Table of Contents

| | | | Page |
|---|---|---|---|
| Table of Authorities | | | ii |
| Preliminary Statement | | | 1 |
| Argument | THERE IS NO BASIS IN LAW OR FACT TO FOIST HEYMAN'S CONTRACTUAL LIABILITIES ONTO WEAR ME | | 2 |
| | A. | Sammart Has Not Alleged a Contract with Wear Me | 2 |
| | B. | Sammart Has Not Asserted a Basis for Successor Liability Against Wear Me | 3 |
| | | 1. The Complaint did not assert any claims pertaining to successor liability or fraud and/or merger | 3 |
| | | 2. Sammart has identified no basis to saddle Wear Me with Heyman's debts | 4 |
| | | 3. Sammart has not established a basis to obtain discovery from Wear Me | 7 |
| Conclusion | | | 9 |

## Table of Authorities

**Page(s)**

**Cases**

*Cargo Partner AG v. Albatrans, Inc.*,
  352 F.3d 41 (2d Cir. 2003) ......................................................................................... 2, 3, 4, 5

*Carroll v. LeBoeuf, Lamb, Green & MacRae, L.L.P.*,
  392 F. Supp. 2d 621 (S.D.N.Y. 2005) ..................................................................................... 6

*Colon v. Multi-Pak Corp.*,
  477 F. Supp. 2d 620 (S.D.N.Y. 2007) ..................................................................................... 6

*Connecticut Indem. Co. v. 21st Century Transport Co., Inc.*,
  No. 99 CV 7735, 2001 WL. 868340 (E.D.N.Y. July 27, 2001) ............................................... 6

*Halebian v. Berv*,
  No. 06 Civ. 4099, 2007 WL. 2191819 (S.D.N.Y. July 31, 2007)I .......................................... 7

*Kidder, Peabody & Co., Inc. v. IAG Int'l Acceptance Group, N.V.*,
  No. 94 CIV 4725, 1999 WL. 11553 (S.D.N.Y. Jan. 13, 1999) ............................................... 3

*Ladjevardian v. Laidlaw-Coggeshall, Inc.*,
  431 F. Supp. 834 (S.D.N.Y. 1977) .......................................................................................... 6

*Lumbard v. Maglia*,
  621 F. Supp. 1529 (S.D.N.Y. 1985) ........................................................................................ 6

*Paddington Partners v. Bouchard*,
  34 F.3d 1132 (2d Cir. 1994) .................................................................................................... 7

*Peralta v. WHM Tool Group, Inc.*,
  No. CV 04 3826, 2005 WL. 2002454 (E.D.N.Y. Aug. 19, 2005) ........................................... 6

*Purgess v. Sharrock*,
  33 F.3d 134 (2d Cir. 1994) ...................................................................................................... 3

*Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*,
  401 F.3d 28 (2d Cir. 2005) ...................................................................................................... 3

*Shivcharan v. United States*,
  No. 04 CV 1296, 2005 WL. 408046 (E.D.N.Y. Feb. 15, 2005) .......................................... 7, 8

**Statutes**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................1

Preliminary Statement

Defendant Wear Me Apparel LLC d/b/a Kids Headquarters (as successor by merger to Wear Me Apparel Corp. d/b/a Kids Headquarters) respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint of plaintiff Sammart Fashion Co. Ltd.

Sammart has ignored the relevant standards applicable to this Rule 12(b)(6) motion to dismiss, and nothing in its opposition papers rebuts Wear Me's point that there is no basis in Sammart's complaint to saddle Wear Me with the liabilities of Heyman Corporation, as Sammart seeks to do. In fact, in his affidavit, Sammart's counsel concedes the only point that matters when considering this 12(b)(6) motion to dismiss Sammart's successor liability claim:

> [T]he complaint did not assert any claims pertaining to successor liability or fraud and/or merger.

(Affidavit of Mitchell Malzberg, Esq. dated September 18, 2007 at ¶ 7).

The Court need not go beyond this admission to conclude that Sammart's complaint fails as against Wear Me. In any event, as set forth in Wear Me's moving brief and reiterated below, Sammart has failed to allege any basis to impose on Wear Me liability for Heyman's debts. Indeed, Sammart's opposition demonstrates why dismissal of the claims against Wear Me is warranted: every promise of payment recited by Sammart in its opposition is promise from Heyman, not Wear Me.

Accordingly, because Sammart has not asserted any factual basis to saddle Wear Me with Heyman's obligations – and no such basis exists in fact or law, in any event – Sammart's claims against Wear Me should be dismissed with prejudice.

Argument

## THERE IS NO BASIS IN LAW OR FACT TO FOIST HEYMAN'S CONTRACTUAL LIABILITIES ONTO WEAR ME

As set forth in Wear Me's moving brief, under controlling authority, including *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41 (2d Cir. 2003), in which the Court of Appeals affirmed this Court's dismissal of claims similar to Sammart's, the complaint should be dismissed because there is no basis to charge Wear Me with Heyman's alleged debts.

A.  Sammart Has Not Alleged a Contract with Wear Me

Sammart's first claim appears to seek recovery under a breach of contract theory. However, Sammart's complaint does not allege the existence or terms of any contract between Sammart and Wear Me that reflect either (i) an agreement between Sammart and Wear Me for Sammart to provide goods and services to Wear Me in exchange for $257,947.63 or (ii) Wear Me's obligation to pay $257,947.63 for services rendered to Heyman by Sammart.

The only promises Sammart points to in its opposition papers are promises from *Heyman* to Sammart. (See Affidavit of Dora Tong dated September 20, 2007 at ¶¶ 5, 7, 8 & Exhs. A, B and C; Malzberg Aff. at ¶ 10 ("Mr. Heyman was promising payment to Plaintiff . . .")). Sammart identifies no promises from Wear Me to Sammart, and cites no authority to support a contract claim against Wear Me, effectively conceding that the first count of its complaint for breach of contract should be dismissed against Wear Me.

B.   Sammart Has Not Asserted a Basis for Successor Liability Against Wear Me

As set forth in Wear Me's moving papers, "the purchaser of a corporation's assets does not, as a result of the purchase, ordinarily become liable for the seller's debts." *Cargo Partner*, 352 F.3d at 45. New York law recognizes only four narrow exceptions to this rule: (i) when the buyer formally assumes the seller's debts; (ii) when the transaction is undertaken to defraud creditors; (iii) when the buyer *de facto* merges with the seller; and (iv) when the buyer is a mere continuation of the seller. *See id.* Sammart has not alleged facts that would bring its claims within any of these recognized exceptions and has admitted that it has not pleaded a successor liability claim against Wear Me.

1.   The Complaint did not assert any claims pertaining to successor liability or fraud and/or merger

This is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The only issue to be decided is whether Sammart has stated a claim for relief against Wear Me. In its opposition, Sammart's counsel admitted that "the Complaint did *not* assert any claims pertaining to successor liability or fraud and/or merger." (Malzberg Aff. ¶ 7) (emphasis added). This admission is binding on Sammart and compels dismissal. *See Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 35 (2d Cir. 2005) ("We have held that statements in papers submitted to the court may constitute judicial admissions"); *Kidder, Peabody & Co., Inc. v. IAG Int'l Acceptance Group, N.V.*, No. 94 CIV 4725, 1999 WL 11553, at *3 (S.D.N.Y. Jan. 13, 1999) (declarations by outside counsel "qualify[ ] as admissions binding on" the represented party). *See also Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("Counsel's statement of fact constituted a judicial admission of a party. It was made in a legal brief filed with the court subject to the penalty of sanctions. There can be little dispute,

therefore, that defendants' counsel was acting in an authorized capacity when making the assertion").

Accordingly, because Sammart has admitted that is has not stated a claim for successor liability, the complaint should be dismissed against Wear Me.

2. <u>Sammart has identified no basis to saddle Wear Me with Heyman's debts</u>

Even if Sammart had not conceded the lone dispositive issue, nothing in Sammart's opposition papers even remotely suggests that Wear Me is obligated to satisfy Heyman's debts under any of the recognized exceptions to the general rule that "the purchaser of a corporation's assets does not, as a result of the purchase, ordinarily become liable for the seller's debts." *Cargo Partner*, 352 F.3d at 45.

First, Sammart contends that its successor liability claim against Wear Me should survive because Wear Me concedes that it formally assumed a $7,124.20 debt to Sammart. That $7,124.20 is not in dispute and Wear Me stands ready and able to pay that amount if Sammart will accept it in full satisfaction of its claims against Wear Me.

Second, the Asset Purchase Agreement between Wear Me and Heyman makes clear that Wear Me did *not* assume Heyman's obligation to pay the $257,947.63 that Sammart seeks in this action. Wear Me assumed only the liabilities identified on Schedule A to the Asset Purchase Agreement, which does not include Heyman's alleged $257,947.63 obligation to Sammart. (*See* Declaration of Jeremy A. Cohen, July 31, 2007, Exh. C). All of Heyman's other liabilities were deemed "Excluded Liabilities" and remained the sole responsibility of Heyman following the asset purchase. (Cohen decl., Exh. B at § 2.2(b)). Sammart claims to be confused by Schedule A to the Asset Purchase Agreement. (See Pl. Opp. at 5, 7). However, Schedule A to the Asset Purchase Agreement clearly identifies certain liabilities that Wear Me assumed and the amount of those liabilities. (Cohen decl., Exh. C). As concerns Sammart,

Schedule A shows Wear Me's assumption of a $7,124.20 liability and not a dollar more. Any other outstanding liability remained with Heyman.

Third, Sammart maintains that it should be allowed to proceed on its claims against Wear Me to determine "whether the Asset Purchase Agreement was structured to defraud the Plaintiff given the facts and timing surrounding the transaction." (Pl. Opp. at 8). Sammart's unsupported speculation does not change the fact, conceded by Sammart, that the complaint contains no allegations of fraud. There is no dispute that the Asset Purchase Agreement was an arm's length transaction by which Wear Me conferred substantial consideration on Heyman. (Cohen decl., Exh. B at §2.3). The consideration paid to Heyman was available to satisfy Heyman's outstanding obligations. Thus, Sammart has not pled, and is not capable of pleading, that the Asset Purchase Agreement was entered into to defraud creditors. *See Cargo Partner*, 352 F.3d at 45 ("So long as the buyer pays a bona fide, arms-length price for the assets, there is no unfairness to creditors in thus limiting recovery to the proceeds of the sale – cash or consideration roughly equal to the value of the purchased assets would take the place of the purchased assets as a resource for satisfying the seller's debts").

Fourth, under New York law, a "de facto merger occurs when a transaction, although not in form a merger, is in substance a consolidation or merger of seller and purchaser." *Id.* (quotations omitted). The Court of Appeals has held that to find a *de facto* merger, there must be: "[1] a continuity of the selling corporation, evidenced by the same management, personnel, assets and physical location; [2] a continuity of stockholders, accomplished by paying for the acquired corporation with shares of stock; [3] a dissolution of the selling corporation; and [4] the assumption of liabilities by the purchaser." *Id.* at 46 (quoting *Arnold Graphics Indus. Inc. v. Independent Agent Ctr., Inc.*, 775 F.2d 38, 42 (2d Cir. 1985)). As set forth in Wear Me's

moving brief (at 7-8), Sammart has not alleged facts establishing any one of these hallmarks of a *de facto* merger. In its opposition, the only basis for finding a *de facto* merger asserted by Sammart is that the principal of Heyman was employed by Wear Me for a brief period of time following the Asset Purchase. One employee's brief employment with Wear Me is insufficient by itself for the Court to find that a *de facto* merger occurred because none of the other requisite factors for a *de facto* merger is present. *See Colon v. Multi-Pak Corp.*, 477 F. Supp. 2d 620, 624 (S.D.N.Y. 2007) (granting summary judgment because *de facto* merger exception did not apply even though asset purchaser "retained a number of former MPS employees"); *Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F. Supp. 834, 839 (S.D.N.Y. 1977) (granting summary judgment based on finding that there was no *de facto* merger between asset purchaser and seller "notwithstanding the fact that there is an identity of certain employees and of one officer"); *Connecticut Indem. Co. v. 21st Century Transport Co., Inc.*, No. 99 CV 7735, 2001 WL 868340, at *5 (E.D.N.Y. July 27, 2001) (dismissing complaint because "Allied's acquisition of Rutigliano's assets was not effected through an exchange of stock, but rather through an exchange of cash. Thus, as in *Ladjevardian*, even Allied's retention of certain Rutigliano employees does not establish that a merger took place"); *Carroll v. LeBoeuf, Lamb, Green & MacRae, L.L.P.*, 392 F. Supp. 2d 621, 627 (S.D.N.Y. 2005) (dismissing *de facto* merger claim absent allegations of continuity of ownership, buyer's assumption of liabilities and continuity of management, personnel and physical location).[1]

---

[1] The final exception to the general rule that an asset purchaser does not assume the debts of the seller is the "mere continuation" exception. However, this exception is generally analyzed together with the *de facto* merger exception "because they overlap to such an extent that no criteria can be identified that distinguish them in any useful manner." *Peralta v. WHM Tool Group, Inc.* No. CV 04 3826, 2005 WL 2002454, at *3 (E.D.N.Y. Aug. 19, 2005) (citing *Lumbard v. Maglia*, 621 F. Supp. 1529, 1535 (S.D.N.Y. 1985)). Thus, for the same reasons that

3.  <u>Sammart has not established a basis to obtain discovery from Wear Me</u>

Having conceded its failure to state a claim against Wear Me, Sammart nevertheless asserts that "discovery should be conducted to see how and why" Wear Me and Heyman arrived at an agreement for Wear Me to assume only $7,124.20 of Heyman's alleged obligation to Sammart (Tong Aff. ¶ 11) and whether "Heyman and Wear Me Apparel [ ] participated in a scheme to avoid payment to the Plaintiff." (Pl. Opp. at 7). However, the law in this Circuit is clear: parties are not entitled to take discovery to determine whether or not they have a claim. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) ("Econocom's argument is that it should be allowed to find out if it has a claim, rather than that it has a claim for which it needs additional discovery. Such divagation is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure"); *Halebian v. Berv*, No. 06 Civ. 4099, 2007 WL 2191819, at *8 (S.D.N.Y. July 31, 2007) ("The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists. The pleadings provide no basis for speculating that something might be caught in a fishing expedition") (*citing Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

In any event, discovery is unnecessary because the relevant inquiry begins and ends with Schedule A to the Asset Purchase Agreement, which identifies the limited liabilities assumed by Wear Me. How or why Wear Me and Heyman agreed that Wear Me would assume only $7,124.20 of Heyman's alleged obligation to Sammart has no bearing on the indisputable fact that Wear Me assumed only that amount of Heyman's obligation. Whether there are any credits, offsets or other discounts applicable to Heyman's alleged debt to Sammart is an issue between Heyman and Sammart, not Wear Me. *See Shivcharan v. United States*, No. 04 CV

---

Sammart has not established a *de facto* merger, Sammart has not established – and cannot establish – that Wear Me is a continuation of Heyman

1296, 2005 WL 408046, at *2 (E.D.N.Y. Feb. 15, 2005) (denying request for further discovery where, as here, the relevant contract demonstrated the failure of plaintiff's claim). Moreover, contrary to Sammart's contention that certain relevant schedules to the Asset Purchase Agreement, including Sub Schedule 1B, were not provided to Sammart previously (See Pl. Opp. at 4-5), all relevant schedules, including Sub Schedule 1B, were provided to Sammart in July 2007. (*See* Reply Declaration of Bonnie Podolsky, Esq., October 12, 2007, Exh. A).

In addition, whatever discovery from Wear Me might yield is irrelevant to the central issue raised by this motion: whether Sammart has stated a claim against Wear Me. Nothing in the four corners of the complaint or the documents referred to in the complaint establishes liability against Wear Me. In fact, the Asset Purchase Agreement establishes Wear Me's *absence* of liability. Therefore, discovery would be futile. In any event, Sammart has not even asserted that discovery would salvage its claims against Wear Me. Instead, Sammart concedes that "[p]laintiff does not know if there are other documents in Defendant Wear Me Apparel's files which shed light on the debt owed to Plaintiff." (Pl. Opp. at 6).

Wear Me assumed only a limited $7,124.20 obligation to Sammart (which it is prepared to pay in full satisfaction of Sammart's claim) and Sammart has already admitted that it has not stated a successor liability claim against Wear Me. (*See* Malzberg Aff. at ¶ 7). No amount of discovery can change these facts. The complaint therefore should be dismissed with prejudice as against Wear Me.

<u>Conclusion</u>

For these reasons, the Court should dismiss Sammart's claims against Wear Me with prejudice.

Dated: New York, New York
October 12, 2007

Respectfully submitted,

Kramer Levin Naftalis & Frankel LLP

By: /s/ Jeremy A. Cohen
    Jonathan M. Wagner (JW-7197)
    Jeremy A. Cohen (JC-6602)

1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Defendant Wear Me Apparel
LLC d/b/a Kids Headquarters