LESLIE MARTIN SHAMIS, ESQ.
PO Box 570
Long Beach, New York 11561
(516)889-9200
Attorney to Plaintiff

STEVEN MITNICK, ESQ.
MITNICK & MALZBERG, P.C.
29 Race Street
PO Box 429
Frenchtown, New Jersey 08825
(908) 996-3716
Co-counsel to Plaintiff

| | | |
|---|---|---|
| SAMMART FASHION CO. LTD. | : | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| | : | Case No. 07 CV 4035<br>JUDGE BATTS |
| Plaintiff, | : | |
| v. | : | |
| WEAR ME APPAREL CORP. d/b/a KIDS<br>HEADQUARTERS and HEYMAN<br>CORPORATION | :<br>:<br>: | |
| Defendant, | : | |

## BRIEF IN OPPOSITION
## TO DEFENDANT'S NOTICE OF MOTION TO DISMISS

On the Brief:
LESLIE MARTIN SHAMIS, ESQ.
PO Box 570
Long Beach, NY 11561

## STATEMENT OF FACTS

Plaintiff shall rely upon the Certification of Dora Tong, Executive Director of the Plaintiff in support of its Brief in opposition to Defendant's Motion to Dismiss.

POINT 1

**DEFENDANT WEAR ME APPAREL'S MOTION SHOULD BE DENIED AS PLAINTIFF DID STATE A CLAIM FOR RELIEF AND THERE ARE GENUINE ISSUES OF FACT WHICH WARRANT DENIAL OF DEFENDANT'S MOTION.**

When deciding a motion for judgment on the pleadings, Fed.R.Civ.P. 12(c), a court applies the same standard used in deciding a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir.2005). "The issue is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims ...." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir.2001). Accordingly, the complaint is construed in a light most favorable to the Plaintiff, and all of its allegations are assumed to be true. Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 283 (2d Cir.2005); Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir.2003); Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir.1998). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2).

Furthermore, when deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the Plaintiff and accept the factual allegations in the complaint as true. See Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir.2003). Courts may not consider matters outside the pleadings but may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir.2002).

In addition, in securities fraud actions, courts may consider public disclosure documents that

have been filed with the Securities Exchange Commission. See *205 Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir.2000). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (emphasis added) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). See also Gmurzynska v. Hutton, 355 F.3d 206, 210 (2d Cir.2004) ("A complaint 'should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' ") (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Thus, the issue is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Desiano, 326 F.3d at 347 (internal quotation marks and citation omitted).

**A) DEFENDANT WEAR ME APPAREL ASSUMED LIABILITY TO PLAINTIFF IN THE ASSET PURCHASE AGREEMENT IT ENTERED INTO WITH DEFENDANT HEYMAN CORPORATION.**

First and foremost, this complaint should not be dismissed as Defendant, Wear Me Apparel, did assume a liability to the Plaintiff. The Asset Purchase Agreement assumed the liability of the Plaintiff in the amount of $7,124.24.[1] These monies have not been tendered and, as such, for that reason alone this Complaint should not be dismissed. It is most curious that these monies were never

- 3 -

---

[1]. The amount assumed was $7124.24. Plaintiff does not agree with this amount. Plaintiff contends the total amount demanded in its suit is due and owing. The emails by and between Plaintiff and Defendant, Heyman, never made mention of any credits. Furthermore, Defendant Heyman advised Plaintiff that this obligation was going to be assumed and paid as part of the asset purchase agreement.

paid. However, since the monies were not tendered, Plaintiff has asserted a valid claim and this matter should not be dismissed pursuant to rule 12(b)(6).

**B) PLAINTIFF IS ENTITLED TO DISCOVERY OF ESSENTIAL FACTS WHICH ARE EXCLUSIVELY WITHIN THE MOVANT'S KNOWLEDGE.**

Plaintiff should be permitted to conduct discovery surrounding this closing and the Asset Purchase Agreement entered into by the Defendants. Defendant Wear Me Apparel is hiding behind the Asset Purchase Agreement. As it relates to Plaintiff, the Asset Purchase Agreement is a self serving document being used by Defendants to limit exposure to Plaintiff. From a careful reading of the emails, and the timing of the emails, one can see that promises of payment to Plaintiff are occurring in close proximity to the closing of the Asset Purchase Agreement. The emails are dated between January and March, 2006, and the closing occurred in April, 2006. Plaintiff was assured by Larry Heyman that it was going to paid in full at closing. The emails contain dialogue as to the amount of liability. Mysteriously, a phantom credit shows up on the asset purchase agreement and the only amount of liability assumed is $7,124.24. Further, these monies were never tendered. Requests for copies of the Asset Purchase Agreement went unanswered prior to the litigation and to date the entire asset purchase agreement has not been provided.

Defendant Wear Me Apparel has failed to supply this Court with a full copy of the Asset Purchase Agreement which it entered into with co-defendant Heyman. According to Schedule A of the Asset Purchase Agreement (Exhibit "C" to Defendant Wear Me Apparel's moving papers), Defendant assumed a debt of $7,124.20 to the Plaintiff. This Schedule A also states that there is a Sub Schedule 1B, but said Sub Schedule was not supplied to the Court as an exhibit to the moving papers. There are numerous other schedules and documents exhibited at the closing which are also

missing, and were not provided to Plaintiff.

As set forth in the affidavit of Mitchell Malzberg, Esq., 'schedules' were sent to him in piecemeal, only after the Complaint was filed, and not all schedules and closing documents were provided.  Plaintiff disputes the validity of the contents of these schedules and is confused by them.

Discovery is required to learn why exactly Wear Me Apparel only assumed $7,124.20 of a debt which was $257,947.63. Plaintiff requires discovery regarding the phantom credits.  Plaintiff requires discovery to ascertain why Wear Me Apparel did not pay Plaintiff the $7,124.20 in a timely fashion.  Plaintiff requires discovery with regard to what exactly Wear Me Apparel's arrangements were with Heyman regarding the product sold to Heyman.

Plaintiff is entitled to discovery on the issues set forth above and the issues set forth in the affidavits in opposition submitted herewith.  In MORRIS v. HOCHMAN, 296 AD2d 481, 745 NYS2d 549 (AD2 Dept. 2002), the court stated that a motion for summary judgment (which apply the same standard as a motion to dismiss), should be denied when made before a party had an opportunity for discovery.

> "The plaintiff's motion was made before the defendants had any opportunity to conduct discovery, and there are essential issues of fact which are within her exclusive knowledge (*see Plaza Investments v. Kim,* 208 AD2d 704, 617 NYS2d 496).  Thus, her motion was premature and should have been denied (*see* CPLR 3212[f])." (*Morris*
> at p. 550)

Similarly, in HENBEST & MORRISEY vs. W.H. INSURANCE AGENCY, INC., 686 NYS2d 207, (AD 3 Dept., 1999), 259 AD2d 829, the court stated that summary judgment was

premature and that ..."discovery was necessary in order to ascertain critical evidence that was within Defendants' sole knowledge and control". (at p. 208).

In our case there are essential issues of fact solely within Defendant's knowledge. Plaintiff was not a party to the asset purchase agreement of the parties. Plaintiff has yet to receive a full and complete copy of the asset purchase agreement with all schedules. Plaintiff does not know if there are other documents in Defendant Wear Me Apparel's files which shed light on the debt owed to Plaintiff.

In BETZ v NYC PREMIER PROPERTIES., INC., 833 NYS2d 153 (AD 2 Dept. 2007), the court held that even where a Defendant demonstrated a *prima facie* entitlement for summary judgment, (which apply the same standard as a motion to dismiss), its motion was dismissed as premature where further discovery was warranted. The Court stated:

> Although the defendants demonstrated their prima facie entitlement to summary judgment dismissing the complaint (*see Alvarez v. Prospect Hosp.,* 68 NY2d 320, 508 NYS2d 923, 501 NE2d 572), the Supreme Court properly denied the motion as premature (*see Juseinoski v. New York Hosp. Med. Ctr of Queens,* 29 AD3d 636, 637, 815 NYS2d 143). "CPLR 3212(f) permits a party opposing summary judgment to obtain further discovery when it appears the facts supporting the position of the opposing party exist but cannot be stated" (*Juseinoski v. New York Hosp. Med. Ctr. Of Wueens, supra* at 637, 815 NYS2d 183). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v. Incorporated Vil of Freeport, supra* at 793, 533 NYS2d 143). Here, the plaintiffs raised issues warranting further discovery. Accordingly, the Supreme Court properly denied, as premature, the defendants' motion for summary judgment, dismissing the complaint.

The Defendants lead Plaintiff to believe that they were going to pay Plaintiff what was owed after the Defendants entered into their Asset Purchase Agreement. They did not dispute the amount

- 6 -

owed. Wear Me Apparel is now hiding behind the Asset Purchase Agreement and Plaintiff fears that

absent discovery, Wear Me Apparel will be slipping silently away without answering questions regarding what it knew and what it was told about the debt owed to Plaintiff. The Asset Purchase Agreement was dribbled over to Plaintiff's counsel and a complete copy has yet to be furnished. What was provided, especially with regard to the schedules, is confusing and certainly disputed by Plaintiff.

Plaintiff is entitled to discovery in light of the facts and circumstances surrounding this sale. The Asset Purchase Agreement is dated April 7, 2006. In the emails Defendant, Heyman, promised to make payment after the closing of sale. Larry Heyman advised Plaintiff that he will be assuming a role with Defendant, Wear Me Apparel. Defendant Wear Me Apparel is liable to Plaintiff as it did assume at least part of the debt of the Plaintiff. Further, discovery is warranted as to this phantom credit. Additionally, discovery is warranted to investigate whether the Defendants, Heyman and Wear Me Apparel, participated in a scheme to avoid payment to the Plaintiff. [2] The Plaintiff was advised that it would be paid at the closing of the sale and was induced to continue to provide credit. Given the timing of the promises and the way the Asset Purchase Agreement was fashioned, Plaintiff calls into question the motives behind the phantom credits. This is essential, given the fact that Larry Hayman's emails indicated that, as part of the transaction, he will become Executive Vice President. of a division of the Defendant Wear Me Apparel. His emails indicate that

- 7 -

he would be working for Wear Me Apparel. Plaintiff is unable to confirm this, and the significance

---

[2]. One of the four exceptions to the rule that an asset purchaser is generally not liable for the sellers debts is when a transaction is undertaken to defraud creditors. See, Cargo Partners v. Albatrans, Inc. 352 F.3d 41 (2nd cir. 2003). Cuting Schumacher v Richard Shear Co., 59 N.Y.2d at 245 specific facts to this claim is not in the Complaint as all along and prior to the suit, Plaintiff was told its debt was assumed and would be paid at the closing of the Asset Purchase Agreement.

of this without discovery.

## CONCLUSION

The motion of the Defendant, Wear Me Apparel should be denied. Plaintiff has stated a claim for relief. Wear Me Apparel did in fact assume a debt of the Plaintiff and discovery is warranted as to how the debt was reduced from $257,947.63 to $7,124.24, and whether the Asset Purchase Agreement was structured to defraud the Plaintiff given the facts and timing surrounding the transaction.

*/s/ Leslie Martin Shamis*
LESLIE MARTIN SHAMIS, ESQ.