LESLIE MARTIN SHAMIS, ESQ.
PO Box 570
Long Beach, New York 11561
(516)889-9200
Attorney to Plaintiff

MITNICK & MALZBERG, P.C.
29 Race Street
PO Box 429
Frenchtown, New Jersey 08825
(908) 996-3716
Co-counsel to Plaintiff

| | |
|---|---|
| SAMMART FASHION CO. LTD. | : UNITED STATES DISTRICT COURT<br>   SOUTHERN DISTRICT OF NEW YORK |
| | :     Case No. 07 CV 4035<br>     JUDGE BATTS |
|    Plaintiff,<br>  v. | : |
| WEAR ME APPAREL CORP. d/b/a KIDS<br>HEADQUARTERS and HEYMAN<br>CORPORATION | : **AFFIDAVIT OF MITCHELL**<br>  **MALZBERG, ESQ.**<br>: |
| | : |
|    Defendant, | |

STATE OF NEW JERSEY   :

                           ss.

COUNTY OF HUNTERDON:

     1. I, Mitchell Malzberg, am an attorney at law of the State of New Jersey and my firm is co-counsel to the plaintiff in the subject litigation. This Affidavit is submitted in opposition to defendant's motion to dismiss plaintiff's Complaint, or in the alternative, to amend plaintiff's Complaint.

     2. When this claim was turned over to our office by the plaintiff, the emails annexed to Dora Tong's Certification were provided to me.

     3. My client was advised that the monies due were going to be assumed by Wear Me

Apparel, and payment by Wear Me Apparel would be made as a result of the sale. Demand for payment fell on deaf ears.

4. Defendant failed, prior to the institution of litigation, to turn over the Asset Purchase Agreement, In fact, on March 30, 2007, my office sent a letter to Wear Me Apparel, (Exhibit "A"), demanding payment and advising defendant that if liability was not assumed to please provide me with proof. This letter went unanswered.

5. As such, plaintiff was left with no alternative but to commence litigation. Only after litigation was filed did my office receive part of the Asset Purchase Agreement from in house counsel. Mr. Gaul verbally advised me that the amount assumed by defendant Wear Me Apparel, was the sum of $56,000.00. After that conversation, I requested a copy of the Asset Purchase Agreement. I received the Asset Purchase Agreement in the context of a letter from counsel who provided part of the Asset Purchase Agreement. For the first time, in the Asset Purchase Agreement, the assumed liability listed in the amount of $7,124.24.

6. Clearly, discovery needs to be conducted when viewing the emails my client received prior to receiving the Asset Purchase Agreement, the conversation I had with in house counsel, and the facts surrounding this case. It is very significant that Mr. Heyman was supposed to become employed by defendant Wear Me Apparel as an "Executive Vice President of the division." (See email attached to Tung Affidavit as Exhibit "B"). Mr. Heyman may or may not be an employee of Wear Me Apparel. We don't know for sure. We need to know what Mr. Heyman told Wear Me Apparel regarding plaintiff's account. This discovery is essential to plaintiff's case against Wear Me Apparel. There may have been an attempt to avoid and purposely misstate the obligation due to the plaintiff.

7. The reason why the Complaint did not assert any claims pertaining to successor liability or fraud and/or merger was that my office never received the Asset Purchase Agreement, and

based on all information provided to my client prior to the litigation to date, my client was under the distinct and clear understanding that this entire liability was assumed, and was to be paid, under the Asset Purchase Agreement.

8. There is no basis in law or fact to dismiss the Complaint. If this Court feels that plaintiff did not sufficiently plead such facts concerning its claims pertaining to the Asset Purchase Agreement, plaintiff will gladly amend its Complaint to provide more details if the Court feels it is necessary. Plaintiff would prefer this Court to allow it to proceed with discovery so that it could flush out all facts pertaining to the litigation prior to any amendments being necessary.

9. Defendant has failed to turn over the entire Asset Purchase Agreement and supporting schedules and related documents, including a closing statement and employment agreements. Defendant is seeking a procedural dismissal to avoid plaintiff from discovering the true facts behind this case. This Court should not dismiss this case until the facts and all evidence is turned over to the plaintiff.

10. It is clear defendant is attempting to avoid discovery of the facts surrounding this transaction. Discovery of the facts surrounding the Asset Purchase Agreement and Larry Heyman's involvement with both Defendant corporations is essential. Mr. Heyman was promising payment to Plaintiff and then after the transaction between the parties, Mr. Heyman dropped out of the picture and left a large debt to Plaintiff. At the present time, a motion such as Defendant's is premature and must be denied.

       /s/ Mitchell Malzberg
      MITCHELL MALZBERG, ESQ.

SWORN AND SUBSCRIBED TO
before me this    18th    Day of
September, 2007
/s/ Arlene M. Dobbs
Notary Public of New Jersey
My Commission Expires Oct. 2, 2010