UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
SAMMART FASHION CO., LTD.,                                     :
                                                               : Case No.: 07 CV 4035 (DAB)
                      Plaintiff,               :
                                                               :
    v.                                                         :
                                                               :
WEAR ME APPAREL CORP.,                                         :
d/b/a KIDS HEADQUARTERS and                                    :
HEYMAN CORPORATION,                                            :
                                                               :
                     Defendants.               :
-------------------------------------------------------------- x

## DEFENDANT HEYMAN CORPORATION'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Heyman Corporation ("Heyman"), by and through its attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(2), respectfully requests this Court enter an Order dismissing the Complaint. In support thereof, Heyman states as follows:

### I.

### LEGAL STANDARD

For a Complaint to survive dismissal under Rule 12(b), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In other words, a plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Twombly*, 127 S.Ct. at 1964-65 (internal quotation marks omitted). Further, in deciding a motion to dismiss, the Court "must

accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings,* 489 F.3d 499, 510 (2d Cir. 2007). However, "general, conclusory allegations need not be credited ... when they are belied by more specific allegations of the complaint." *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany,* No. 05 Civ. 10669, 2007 U.S. Dist. LEXIS 71906, 2007 WL 2822214, at *7 (S.D.N.Y. Sept. 27, 2007).

## II.

## STATEMENT OF FACTS

Heyman is a Delaware Corporation with offices located at 120 South Riverside Plaza, Chicago, Illinois, 60606. Heyman is not a New York corporation, does not own a New York corporation, does not conduct business within the State of New York, and does not maintain any offices or other facilities in the State of New York. (*See* Affidavit of Lawrence Heyman, attached as Exh. A to the accompanying Declaration of Gary A. Stahl, Esq.). Plaintiff has filed a Complaint (*see* Stahl Decl., Exh. B) alleging that there is an amount due and owing for goods and services sold to Heyman. The Plaintiff incorrectly alleged that Heyman is an Illinois Corporation, when in fact, Heyman is a Delaware Corporation. The Complaint fails to allege any basis for jurisdiction over Heyman. Plaintiff fails to plead any facts in its Complaint to support a basis for personal jurisdiction over Heyman within the State of New York.

## III.

## ARGUMENT

Due process under the U.S. Constitution requires that a non-resident defendant have certain "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International*

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Determining whether the "minimum contacts" test is met requires first an analysis of whether the plaintiff is asserting general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v Hall*, 466 U.S. 408, 414, n.8 (1984). General jurisdiction exists when the cause of action does not arise from the defendant's contacts with the forum state, but the defendant nonetheless has continuous and systematic contact with the forum state. *Id.* at 416. Specific jurisdiction arises when the defendant has "minimum contacts" with the forum state, and the cause of action arises from those contacts. *Id.* at 414, n.8. Accordingly, the analysis of whether this Court has personal jurisdiction involves both federal and state constitutional inquiries.

In diversity question cases, federal courts must determine questions of personal jurisdiction in accordance with the laws of the state in which they sit. *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d. Cir 1997). "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). Where a court relies on pleadings and affidavits, rather than conducting a "full-blown evidentiary hearing, the plaintiff must make a prima facie showing that the court possesses personal jurisdiction over the defendant. *Id.; DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

New York's long arm transacting business test, set forth in CPLR 302, states, in relevant part, that a court may exercise personal jurisdiction over any non-domiciliary, who in person or through an agent:

3

1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4) owns, uses or possesses any real property situated within the state. N.Y. CPLR 302(a).

"Essential to the maintenance of a suit against a nondomiciliary under CPLR 302 (subd [a], par 1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon." *McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643 (1981).

In the instant case, Plaintiff has pleaded no facts to support its allegation that Heyman is subject to jurisdiction of the New York Court per Federal and State Constitutional requirements or the requirements set forth in New York's transacting business test under CPLR 302. Plaintiff has pleaded no facts to show that Heyman is a New York corporation, conducts business within the State of New York, or maintains any offices or other facilities in the State of New York. Accordingly, it is not fair, just or reasonable to require Heyman to be subject to suit within the state of New York, where jurisdiction was not foreseeable based on Heyman's lack of presence in New York. The absence of Heyman's contacts with the State of New York does not support the exercise of personal jurisdiction under the strictures of New York's Constitution. Therefore, the exercise of personal jurisdiction over Heyman offends the New York Constitution.

## IV.

## CONCLUSION

For the reasons set forth above, this case should be dismissed with respect to defendant Heyman Corporation for lack of personal jurisdiction over Heyman.

Dated: February 26, 2008

        Respectfully submitted,

        **STAHL COWEN CROWLEY ADDIS LLC**

By: _____
        Trent P. Cornell, Esq.
        Scott N. Schreiber, Esq.
        Angelique Palmer, Esq.
        55 West Monroe, Suite 1200
        Chicago, Illinois 60603
        (312) 641-0060

        -and-

        **CROWELL & MORING LLP**

By: _____
        Gary A. Stahl (GS-3987)

        153 East 53rd Street
        New York, New York 10022
        (212) 223-4000

Attorneys for Defendant Heyman Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2008, I caused to be electronically filed the foregoing Memorandum of Law utilizing the Court's CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

> Steven Mitnick, Esq.
> Mitnick & Malzberg, Esq.
> 29 Race Street
> Frenchtown, New Jersey 08825
>
> and
>
> Leslie Martin Shamis, Esq.
> Leslie Martin Shamis
> 64 W. Park Ave., P.O. Box 570
> Long Beach, New York 11561
>
> Attorneys for Plaintiff Sammart Fashion Co., Ltd.
>
>
> Jeremy Andrew Cohen, Esq.
> Kramer, Levin, Naftalis & Frankel, LLP
> 1177 Avenue of the Americas
> New York, New York 10036
>
> Attorneys for Defendant Wear Me Apparel Corp.

_s/ Gary A. Stahl_
Gary A. Stahl (GS 3987)