LESLIE MARTIN SHAMIS, ESQ.
PO Box 570
Long Beach, New York 11561
(516)889-9200
Attorney to Plaintiff

MITCHELL MALZBERG, ESQ.
MITNICK & MALZBERG, P.C.
29 Race Street
PO Box 429
Frenchtown, New Jersey 08825
(908) 996-3716
Co-counsel to Plaintiff

---

| | |
|---|---|
| SAMMART FASHION CO. LTD. | : UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF NEW YORK |
| | : |
| | Case No. 07 CV 4035 |
| | : JUDGE BATTS |
| Plaintiff, | |
| v. | : |
| WEAR ME APPAREL CORP. d/b/a KIDS HEADQUARTERS and HEYMAN CORPORATION, | : |
| | : |
| Defendants | : |

---

-------------------------------------------------------------------------------------------------------------

### BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

-------------------------------------------------------------------------------------------------------------

Submitted by:
MITCHELL MALZBERG, ESQ.
PO Box 429
Frenchtown, NJ  08825

LESLIE MARTIN SHAMIS, ESQ.
PO Box 570
Long Beach, New York 11561

## POINT ONE

**Defendant's motion is procedurally defective as default was entered and defendant failed to vacate the default before filing a motion to dismiss.**

Defendant Heyman Corporation failed to answer plaintiff's Complaint, and the Clerk of this Court duly noted said default by way of Clerk's Certificate dated December 5, 2007. (Exhibit "A"). Defendant's affidavit fails to state why it defaulted on answering or moving in a timely fashion with regard to the Complaint.

Plaintiff made numerous attempts to contact defendant, including the mailing of a letter to its prior counsel. Counsel responded by saying that it no longer represented the Heyman corporation by way of its letter dated September 9, 2007. Certainly, its prior counsel would have advised Heyman Corporation of the lawsuit and asked it whether or not it wanted representation regarding same.

Defendant's present counsel did not call plaintiff's counsel to ask for permission to serve an Answer or otherwise move against the Complaint. Defendant's default caused plaintiff to move for default judgment which required time and effort to be expended by plaintiff and its counsel. For defendant to waltz into this Court with a motion to dismiss without vacating its default is unfair to plaintiff and its counsel. No explanation whatsoever is provided by defendant for its default. Absent such an explanation, defendant's motion must be dismissed and plaintiff should be awarded costs.

## POINT TWO

Where a motion to dismiss for lack of jurisdiction is made prior to discovery, a plaintiff need only establish a prima facie case for personal jurisdiction over a defendant to avoid a dismissal under Rule 12(b)(2).  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriquez, 171 F.3d 779, 784 (2nd Cir. 1999); PDK Labs, Inc. v. Friedlander, 103 F.2d 1105, 1108 (2d. Cir. 1997).  A plaintiff may rely entirely on factual allegations, Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998), and will prevail even if the defendant makes contrary arguments, A.I. Trade Fin, Inc. v Petra Bank, 989 F.2d 76, 79 (2d Cir. 1993).  In resolving the motion, the Court reads the complaint and affidavits in a light most favorable to the plaintiff.  PDK Labs, 103 F.3d at 1108.  It will not, however, accept legally conclusory assertions or draw "argumentative inferences." Mende v. Mileston Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)(citing Robinson v. Overseas Military Sales Corp., 21 F.3d502, 507 (2d Cir. 1994).  A federal court sitting in diversity exercises personal jurisdiction over a foreign defendant to the same extent as courts of general jurisdiction of the state in which it sits pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002).  In such cases, courts must determine if New York law would confer jurisdiction and then decide if the exercise of such jurisdiction comports with the requisites of due process under the Fourteenth Amendment.  Id. (citing Bank Brussels, 171 F.3d at 784); Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997).  The minimum contacts of the defendant are such that the maintenance of the suit does not offend "traditional notions of fair play and

substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1940).

Personal jurisdiction in a diversity action is determined by the law of the forum in which the federal court sits. See Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985). C.P.L.R. Sec. 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state.

New York's Long Arm transacting business test, C.P.L.R. sec 302, states in relevant part, that a court may exercise personal jurisdiction over any non-domiciliary, who in person or through an agent:

1) transacts any business within the state or contracts anywhere to supply goods or services in the state, or

2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

>(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, int eh state, or

>(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4) owns, uses or possesses any real property situated within the state. N.Y. CPLR Sec. 302(a).

"Essential to the maintenance of a suit against a non-domiciliary under CPLR 302 (subd [a], para 1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon. McGowan v. Smith, 52 N.Y. 2d 268, 272, 419 N.E.2d 321, 327 N.Y.S.2d 643 (N.Y. 1981).

Pursuant to New York State law, defendant is subject to jurisdiction.  Here, to assess whether personal jurisdiction is authorized,

> "the court must look first to the long-arm statute of the forum state, in this instance New York." <u>Bensusan Rest. Corp. v. King,</u> 126 F.3d 25, 27 (2d Cir. 1997).  If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process." *Id.*

<u>Whitaker v. American Telecasting, Inc</u>., 261 F.3d at 209 (2d Cir. 2001).  Accordingly, if New York State law provides that its courts have jurisdiction over defendant, then this Court has such jurisdiction.  <u>Bulova Watch Co. v. K. Hattori & Co., Ltd.</u>, 508 F.Supp. 1342 (E.D.N.Y. 1981).

In <u>Hughes v. BCI International Holdings, Inc.,</u> 452 F.Supp.2d 290 (S.D.N.Y. 2006), the Court stated as follows:

> "When subject matter jurisdiction is predicated on diversity, state law governs a federal court's exercise of personal jurisdiction.  *See* <u>Jacobs v. Felix Bloch,</u> 160 F. Supp.2d 722,731 (S.D.N.Y.2001)   New York's "long arm" statute provides for personal jurisdiction over a non-resident defendant "where the cause of action arises from the defendant's transaction of business in New York."*Id.* at 739; *see also* N.Y. CPLR Section 302(a)(1). "A claim arises out of a party's transaction of business when there is a substantial nexus between the transaction of business and the cause of action sued upon." <u>Anderson v. Indiana Black Expo, Inc.,</u> 81 F.Supp.2d 494, 501 (S.D.N.Y.2000) (internal quotation omitted). "A non-domiciliary transacts business under section 302(a)(1) when [it] 'purposefully avails [itself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of [New York's] laws.'" <u>Beatie and Osborn LLP v. Patriot Scientific Corp.,</u> 431 F.Supp2d 367, 387 (S.D.N.Y. 2006) (quoting <u>CutCo Indus., Inc. V. Naughton</u> 806 F.2d 361, 365 (2d Cir. 1986)).

In <u>Hughes</u> the Court ruled that there was jurisdiction over foreign individual defendants and a foregin corporate defendant based upon meetings in New York, conference calls and telephone calls from New York. Similar to the case at bar, in <u>Hughes</u> there was an asset purchase by a successor corporation and the acts of the predecessor corporation were attributed to the successor for purposes of jurisdiction. <u>Hughes</u> at 301.

To establish jurisdiction over an out-of-state corporation, Plaintiff needs only to show that the Corporation's agent "engaged in purposeful activities in this State in relation to [the transactions complained of] for the benefit of and with the knowledge and consent of [the principal] and that [the principal] exercised some control over" the agent. <u>Kreutter v. McFadden Oil Corp</u>., 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 199 (1988). "Whether a representative of the defendant qualifies as an agent for jurisdictional purposes does not turn on legalistic distinctions between being an agent or independent contractor. Furthermore, no showing of a formal relationship between the defendant and the agent is required." <u>Alexander, Practice Commentaries</u>, CPLR 302:1 in McKinney's CPLR (2001).

A nondomicilliary transacts business in New York when he purposefully avails himself of the privilege of conducting activities within New York and thus invokes the benefits and protections of its laws. <u>CutCo Indus. Inc. V. Naughton</u>, 806 F.2d 361, 365 (2d Cir. 1986).

In the instant case, the Court has clear jurisdiction. As can be seen by the Affidavit of the plaintiff, the defendant has specific contacts with New York.

Most importantly, as set forth in the affidavit by plaintiff in opposition by Dora

Tong, Exhibit "A", in an email from Judith Malamud, Product Manager for Heyman Corporation, which was sent to Fion, who worked for the plaintiff, Ms. Malamud requested that plaintiff send samples to "THE NEW YORK SHOWROOM. THE ADDRESS IS AS FOLLOWS:

>    HEYMAN CORPORATION
>    131 WEST 33RD STREET-SUITE 901
>    NEW YORK, NEW YORK 10001
>    ATT: KAY DUNNIGAN/LISA O'HARA"

Heyman represented to plaintiff that it maintained an office in New York City. The emails further indicate that defendant Heyman consistently did business in New York City, conducted business meetings with buyers in New York and requested samples to be sent to its New York location for meetings with buyers. Based on these facts, clearly the defendant has purposefully availed itself of jurisdiction in New York. The business actions and meetings were of such a nature that the defendant could reasonably be expected to be sued in New York.

Additionally, the subject litigation also relates to the sale of assets from defendant Heyman Corporation to defendant Wear Me Apparel, which is located in New York. When looked at in its totality, it is clear that Heyman transacted sufficient business in New York to confer jurisdiction over it in New York State.

As the Court is aware from prior motions, the defendant Heyman entered into an agreement to purchase assets via an Asset Purchase Agreement with defendant Wear Me Apparel. Defendant Wear Me Apparel is a New York corporation with its principal place of business in New York. This complicated Asset Purchase Agreement to a New York

corporation is and of itself another reason this Court has jurisdiction, and defendant Heyman has specific contacts with New York.

It is clear that there is a substantial nexus between the transaction of business set forth above and the cause of action sued upon by the plaintiff herein. All of the contacts referred to herein relate to business conducted by defendant Heyman with regard to plaintiff's sale of goods to it as set forth in plaintiff's complaint.

What is not known is what other contacts defendant Heyman had with New York State in addition to the transaction sued upon herein.

Based upon the above it seems clear that the affidavit of Mr. Heyman is substantially lacking with regard to the business transacted by defendant Heyman Corporation in New York State. Although Mr Heyman states Heyman does not 'do business' in New York, New York certainly has jurisdiction over said corporation because it clearly 'transacts business' in New York. (CPLR Section 302(a)(1)), and the within litigation directly relates to the New York activities of defendant Heyman Corporation.

**CONCLUSION**

Since this Court has personal jurisdiction over defendant Heyman Corporation, Heyman Corporation's motion to dismiss the plaintiff's Complaint should be denied.

*/s/ Leslie Martin Shamis*
LESLIE MARTIN SHAMIS, ESQ.
Attorney for Plaintiff
