STAHL COWEN CROWLEY ADDIS LLC
Scott N. Schreiber, Esq.
Angelique Palmer, Esq.
55 West Monroe, Suite 1200
Chicago, Illinois 60603
312-641-0060

CROWELL & MORING LLP
Gary A. Stahl (GS-3987)
153 East 53rd Street
New York, New York 10022
212-223-4000
Attorneys for Defendant Heyman Corporation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

SAMMART FASHION CO., LTD.,

                **Plaintiff,**

        v.

WEAR ME APPAREL CORP.,
d/b/a KIDS HEADQUARTERS and
HEYMAN CORPORATION,

                **Defendants.**

Case No.: 07 CV 4035 (DAB)

**REPLY IN SUPPORT OF**
**HEYMAN'S MOTION TO DISMISS**

-----------------------------------------------------------x

**DEFENDANT HEYMAN'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO**
**HEYMAN'S MOTION TO DISMISS**

    The Defendant, HEYMAN CORPORATION ("Heyman"), by and through its attorneys, for its Reply to the Plaintiff's, Sammart Fashion Co., Ltd., ("Sammart"), Brief in Opposition to its Motion to Dismiss, states as follows:

## **OVERVIEW**

There are two narrow issues before this Court. Has the Plaintiff satisfied this Court's requirements to: (1) allow for entry of its motion for default judgment against Heyman, and (2) establish personal jurisdiction over Heyman? Heyman submits that the Plaintiff fails to plead or provide any evidence supporting its motion for default judgment or to establish personal jurisdiction over Heyman.

Contrary to Plaintiff's allegations, Heyman filed a timely appearance and pleading with this Court sufficient to avoid entry of a default judgment. The Second Circuit generally does not support entry of a default judgment, even in an instance of inadvertent procedural error, where the filing is timely. Additionally, Plaintiff fails to satisfy the requirements for personal jurisdiction over Heyman, as Plaintiff pleaded no facts to show that Heyman is a New York corporation or does business within the State of New York.

Accordingly, Plaintiff's motion for default judgment must be denied. The Plaintiff asks this Court to enter an Order vacating the default entered against Heyman, and dismissing the Plaintiff's Complaint against Heyman for lack of personal jurisdiction.

I. **Default Judgment must not be entered because Heyman has appeared, plead and is ready to defend this case.**

Federal Rule of Civil Procedure 55(a) states that default can be entered against a party who has **failed** to plead or otherwise defend ... Fed. R. Civ. P 55(a). Federal Rule of Civil Procedure 60(b) further states that "[o]n motion and upon such terms as are just, the court may relieve a party from a[n] ..... order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P 60(b).

Although "[a] trial court's determination in entering a default judgment is entitled to great deference", the Second Circuit has emphasized that such discretion is not unlimited. *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir. 1987). The Court has reversed the exercise of discretion, even where the abuse was not glaring. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The Second Circuit prefers resolution of disputes on the merits. *Id.*

In this instance, counsel for Heyman, the law firm of Stahl Cowen Crowley Addis, LLC located in Chicago, Illinois, was retained on the eve of the date set by this Court for hearing on the Plaintiff's Motion for Default Judgment. Counsel for Heyman, in an effort to avoid entry of default judgment and further delay in this case, filed an appearance and its Motion to Dismiss with the Court. Due to the late date of retention in this case, counsel for Heyman, did not have the opportunity to notify the Plaintiff of its late entry. Counsel's late entry in this case, geographical location and the small window of time to find and consult with local New York counsel to aid in filing, inadvertently resulted in Heyman filing its Motion to Dismiss without first asking the Court for leave to vacate the default judgment. The late retention of new Counsel for Heyman is certainly good cause to avoid entry of default judgment against Heyman, in compliance with Fed. R. Civ. P 55(a). Per Fed. R. Civ. P. 60(b), inadvertence is basis for the Court to grant Heyman relief. Heyman did not fail to plead or otherwise defend, and therefore, the requirements to allow entry of default judgment are not satisfied by the Plaintiff. Allowing Heyman to defend itself on this basis is consistent with the Second Circuits preference to resolve issues on the merits. *Enron Oil Corp.*, 10 F.3d at 95.

Therefore, Heyman respectfully requests that this Court enter an Order vacating the default entered against Heyman, denying the Plaintiff's Motion for Default, and allowing Heyman's Motion to Dismiss to be heard so that the parties can move forward in this litigation.

## II. The requirements for personal jurisdiction have not been satisfied, therefore, entry of default judgment would be improper.

### a) Plaintiff's Affiant has no personal knowledge of the statements plead, and therefore, the affidavit and the documents that it qualifies must be barred.

Federal Rule of Civil Procedure 56(e) states that a supporting affidavit shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P 56(e).

This Court holds that affidavits must be made based on the personal knowledge of the affiant. *Patterson v. County of Oneida*, 375 F. 3d 206, 219 (2d. Cir. 2004). This requirement also means that an affidavit's hearsay assertion, that would not be admissible at trial if testified to by the affiant, is insufficient to create a genuine issue for trial. *Id.* Nor is a genuine issue created merely by the presentation of assertions that are conclusory. *See, e.g. Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985), *cert. denied*, 474 U.S. 829, 88 L. Ed. 2d 74, 106 S. Ct. 91 (1985).

In the case at bar, Plaintiff attaches the affidavit of Dora Tong ("Dora") in support of its brief. Plaintiff also attaches copies of e-mails that Dora swears are supporting the Plaintiff's arguments that the State of New York has jurisdiction over the defendant. But, upon closer examination of Dora's affidavit, it is apparent that her sworn statement has no basis in law or fact. Dora's affidavit is insufficient to support Plaintiff's motion and should be stricken.

Dora's affidavit fails to: (1) identify the scope of her duties and how these duties qualify her knowledge of Heyman's alleged contacts with New York; and (2) support the proposition that Dora has personal knowledge of the e-mail communications attached to Plaintiff's brief. None of the e-mail communications list or refer to Dora as a participant in the communications

or dealings referenced. The affidavit and e-mail chain are insufficient to establish the authenticity of the emails. The e-mails specifically mention Sammart employees Sam Tong and Fion Wong. These are the individuals with personal knowledge of the substance of the e-mails attached. Not Dora. This leaves open the issue of why Plaintiff relied on Dora's affidavit and not Sam Tong or Fion Wong.

Dora goes on to claim that Heyman shipped goods to a New York office, but fails to attach a bill of lading from Heyman to evidence any shipment. Thus, the allegation that Heyman transacted business out of a New York office has no basis in fact or evidence to support the allegation.

Dora also claims that an asset purchase agreement is also basis for jurisdiction. Again, the asset purchase agreement is not attached and the relevant terms and provisions allegedly supporting these allegations are not cited. The reality, however, is that the asset purchase agreement referenced by the Plaintiff is not relevant, because Sammart was not even a party to the agreement. (See Reply Declaration of Lawrence S. Heyman, para. 5). This allegation also has no factual basis.

Finally, the remaining basis of support for Dora's assertions is her own personal belief. Per the Court's holding in *Meiri* and *Patterson*, the standard is "personal knowledge" **not** personal belief.

Plaintiff fails to attach an affidavit sworn by an affiant with personal knowledge of the facts and statements made in the affidavit or the e-mails attached. Thus, Dora's affidavit and the exhibits attached and qualified by her affidavit must be stricken from the Plaintiff's brief.

Accordingly, the Plaintiff fails to plead facts sufficient to show basis for personal jurisdiction over Heyman. Therefore, Plaintiff's Motion for Default Judgment and its Brief in Opposition to the Plaintiff's Motion to Dismiss must be denied.

### b) There was no personal jurisdiction over Heyman at the time of filing, therefore, Heyman's motion to dismiss must be granted.

This Court has long held that personal jurisdiction is determined as of the time of service of the summons and complaint, which the Court has clarified is the date the action was commenced. *Jacobs v. Felix Bloch Erben Verlag Fur Buhne Film Und Funk KG*, 160 F. Supp. 2d 722, 731 (S.D.N.Y. 2001); *Darby v. Compagnie Nationale Air France*, 735 F. Supp. 555, 560 (S.D.N.Y. 1990); *Andros Compania Maritima S.A. v. Intertanker Ltd.*, 714 F. Supp. 669, 675 (S.D.N.Y. 1989); *Arrow Trading Co., v. Sanyei Corp. (Hong Kong), Ltd.*, 576 F. Supp. 67, 69 (S.D.N.Y. 1983). Where a defendant has past contacts and ceases business operations prior to the filing of suit, these contacts cannot form a basis for personal jurisdiction. *ICC Primex Plastics Corp. v. LA/ES Laminati Estrusi Termoplastici S.p.A.*, 775 F. Supp. 650, 652 (S.D.N.Y. 1991); *Andros*, 714 F. Supp. at 675.

In this case, the only relevant inquiry is whether Heyman was doing business in the State of New York at the time the complaint was filed. The answer is clearly and unequivocally – no. (See Reply Declaration of Lawrence S. Heyman, para. 5, 7, 8). The evidence clearly shows that Heyman sold its assets and ceased all business operations and doing business on April 7, 2007. (See Reply Declaration of Lawrence S. Heyman, para. 5). Plaintiff's complaint was not filed until May 23, 2007. Plaintiff concedes that Heyman was not doing business at the time the lawsuit was filed. Therefore, per this Court's long standing holding, Heyman's past New York contacts, prior to filing of the complaint, are not basis to assert personal jurisdiction.

Therefore, Plaintiff fails to satisfy the requirements to subject Heyman to jurisdiction of the New York Court per Federal and State Constitutional requirements, the requirements set forth in New York's transacting business test under C.P.L.R. §302, or the long standing precedent of the this Court. Plaintiff's Motion for Entry of Default Judgment against Heyman must be denied.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in Heyman's previously filed Motion to Dismiss, the Defendant, Heyman Corporation, respectfully requests that this Court enter an Order:

(1) Vacating the default entered against Heyman Corporation;

(2) Denying the Plaintiffs' Motion for Default Judgment against Heyman;

(3) Setting a date for hearing on Heyman's Motion to Dismiss, or in the alternative, dismissing the Plaintiff's Complaint against Heyman, with prejudice, for lack of personal jurisdiction;

(4) For such other relief as this Court deems just and appropriate.

Respectfully submitted,

STAHL COWEN CROWLEY ADDIS LLC

By: _____
One of Its Attorneys

Scott N. Schreiber, Esq.
Angelique Palmer, Esq.
55 West Monroe, Suite 1200
Chicago, Illinois 60603
(312) 641-0060

-and-

**CROWELL & MORING LLP**

By: *[signature]*

One of Its attorneys

Gary A. Stahl (GS-3987)
153 East 53rd Street
New York, New York 10022
(212) 223-4000

Attorneys for Defendant Heyman Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I caused to be electronically filed the foregoing Reply Memorandum in support of defendant Heyman Corporation's Motion to Dismiss utilizing the Court's CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

>Steven Mitnick, Esq.
>Mitnick & Malzberg, Esq.
>29 Race Street
>Frenchtown, New Jersey 08825
>
>>and
>
>Leslie Martin Shamis, Esq.
>Leslie Martin Shamis
>64 W. Park Ave., P.O. Box 570
>Long Beach, New York 11561
>
>Attorneys for Plaintiff Sammart Fashion Co., Ltd.
>
>
>Jeremy Andrew Cohen, Esq.
>Kramer, Levin, Naftalis & Frankel, LLP
>1177 Avenue of the Americas
>New York, New York 10036
>
>Attorneys for Defendant Wear Me Apparel Corp.

_s/ Gary A. Stahl_
Gary A. Stahl (GS 3987)