UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

SAMMART FASHION CO., LTD.,

                    Plaintiff,

      v.

WEAR ME APPAREL CORP.,
d/b/a KIDS HEADQUARTERS and
HEYMAN CORPORATION,

                    Defendants.

----------------------------------------------------------------- x

Case No.: 07 CV 4035 (DAB)

**REPLY DECLARATION OF LAWRENCE S. HEYMAN IN SUPPORT OF MOTION TO DISMISS**

       I, LAWRENCE S. HEYMAN, state as follows pursuant to 28 U.S.C. § 1746 and under penalty of perjury:

       1.     I am President and CEO of Heyman Corporation ("Heyman"). I am fully familiar with the facts in this action.

       2.     This Declaration is submitted in support of Heyman Corporation's reply in support of its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), based on lack of personal jurisdiction.

       3.     I was responsible for the day to day operations of Heyman.

       4.     Heyman's principle place of business was located in Chicago, Illinois, and it maintained an office in Vernon Hills, Illinois which is located in the Greater Chicago area. Heyman's business offices and distribution center were located in Vernon Hills, Illinois. Heyman maintained a showroom in Vernon Hills, Illinois, and all of Heyman's accounting, business, personnel decision making was made in the Vernon Hills, Illinois offices.

       5.     On or about April 7, 2007, Heyman sold all of its assets to Wear Me Apparel Corp., d/b/a Kids Headquarters, and ceased all operarations and doing business. I have personal knowledge of the asset purchase transaction and agreement.

       6.     Prior to the time that Heyman was sold, all individuals and/or agents of Heyman with decision making authority maintained offices in Illinois and were based in Illinois. All individuals and/or agents of Heyman with decision making authority to

negotiate and consummate sales and transact business for Heyman maintained offices in Illinois and were based in Illinois.

7. Heyman had an incidental showroom in New York that was used on an irregular basis for the convenience of parties. Heyman Corporation no longer used the showroom after April 7, 2007.

8. Heyman did not transact any business in the State of New York with Sammart Fashion Co., Ltd., ("Sammart"). Heyman negotiated and consummated all sales with Sammart from Heyman's Illinois office.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Glencoe, Illinois on April 17, 2008.

_____
LAWRENCE S. HEYMAN

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I caused to be electronically filed the foregoing Reply Declaration in support of defendant Heyman Corporation's Motion to Dismiss utilizing the Court's CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

>Steven Mitnick, Esq.
>Mitnick & Malzberg, Esq.
>29 Race Street
>Frenchtown, New Jersey 08825
>
>and
>
>Leslie Martin Shamis, Esq.
>Leslie Martin Shamis
>64 W. Park Ave., P.O. Box 570
>Long Beach, New York 11561
>Attorneys for Plaintiff Sammart Fashion Co., Ltd.
>
>
>Jeremy Andrew Cohen, Esq.
>Kramer, Levin, Naftalis & Frankel, LLP
>1177 Avenue of the Americas
>New York, New York 10036
>Attorneys for Defendant Wear Me Apparel Corp.

_____*s/ Gary A. Stahl*_____
Gary A. Stahl (GS 3987)